T.C. Summary Opinion 2001-65


UNITED STATES TAX COURT


MICHAEL R. AND SHELLEY F. FAWCETT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15851-99S.                          Filed May 2, 2001.


Michael R. and Shelley F. Fawcett, pro sese.

Julie L. Payne, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code as
amended and in effect for the year at issue.

Respondent determined a deficiency in petitioners' Federal
income tax in the amount of $5,526 for the 1995 tax year.

The sole issue for decision is whether settlement proceeds of $30,599 received by petitioners during 1995 constitute damages excludable from gross income under section 104(a)(2). Adjustments to wages subject to FICA and Medicare, and itemized deductions for attorney's fees and costs are computational and will be resolved by the Court's holding on the disputed issue in this case.

The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioners resided in Kent, Washington. References to petitioner in the singular are to Shelley F. Fawcett.

Petitioners were married in early 1990. After graduating from college in June 1990, petitioner was hired by PayLess Drug Stores, Norwest, Inc. (PayLess) as a supervisor trainee. Petitioner was initially placed in a PayLess store in Redmond, Oregon, even though Mr. Fawcett at that time was in the military and stationed in Washington. Petitioner directly reported to an assistant store manager and/or a store manager.

Approximately 4 months later, petitioner was transferred to a PayLess store located in Bellevue, Washington, only to be subsequently transferred in 6 months to Twin Lakes, Washington. Petitioner worked at the Twin Lakes store for approximately 9 months. Petitioner was transferred on 2 more occasions to different stores in Washington. Within a 3-year period,

petitioner worked in approximately 5 different PayLess store locations in Oregon and Washington.

While employed with PayLess, petitioner was asked to work long hours, due to understaffing of employees at a given store, and in different departments within a given store.  As a result, petitioner felt "rushed * * * and pushed in every direction." Petitioner continued to work in this chaotic environment because she desired a promotion.  However, petitioner never received a promotion from PayLess.

During this time, petitioner complained of chest pains, lack of sleep due to her work schedule,[1] and nightmares about her work environment, and experienced anxiety in both her professional life and personal life.[2]

In October 1993, while petitioner was still employed by PayLess, she received a notice (class action notice) from B. Newal Squyers, Esq. and Debra K. Ellers, Esq. of Holland & Hart, Attorneys for Plaintiffs, notifying her of an "Unpaid Overtime Compensation Law Suit filed against PayLess".  This class action lawsuit was described as follows:

---

[1]    At times, petitioner was scheduled to close the store at 9:30 p.m. and then open the store the next morning at 5 a.m.

[2]    The strain of petitioner's working conditions took a toll on her new marriage.  For instance, at one particular store, Mr. Fawcett made attempts to visit petitioner at work during her break and was strictly forbidden to do so.

On March 16, 1993, Laurie Sievers, Roy Menges, Twila Kelly and Allen Burgess brought this suit against PayLess in the United States District Court for the District of Idaho, Case No. CV 93-0089-S-HLR, alleging that they were employed by PayLess as salaried employees with titles such as "floor manager," "floor supervisor," "senior supervisor," "supervisor," "supervisor 2" and were required to perform clerking, stocking or other tasks in excess of forty hours per week without being compensated overtime work.

Plaintiffs bring this action and allege that PayLess violated the Fair Labor Standards Act of 1938 U.S.C. §§ 201-208. Plaintiffs seek compensation for unpaid overtime, liquidated damages, attorney fees and costs.

The class of plaintiffs in the class action consisted of 267 employees of PayLess, including petitioner, who joined on October 27, 1993. On April 14, 1994, petitioner privately met with plaintiffs' attorney, Kurt Holzer (Mr. Holzer) in Tacoma, Washington, to inform Mr. Holzer of her personal injuries, in addition to those alleged in the class action lawsuit complaint. Petitioner was informed at this meeting that the class action case was under mediation and a jury trial was not likely. Petitioner was also informed that approximately 30 class members were deposed and allegedly suffered a number of injuries during their employment with PayLess, including emotional distress and physical injuries, and that her alleged injuries were experienced by other class members. Petitioner did not submit any medical bills to Mr. Holzer or provide the same to the Court.

The class action complaint requested relief for unpaid overtime compensation and liquidated damages in an amount equal

to the unpaid overtime compensation under section 16(b) of the Fair Labor Standards Act of 1938 (FLSA), ch. 676, 52 Stat. 1069, currently codified at 29 U.S.C. section 216 (1994), and attorney's fees and costs. The complaint was never amended during any time relevant to the class action lawsuit.

On January 25, 1995, an Order approving the settlement of the class action lawsuit was signed by Larry M. Boyle, United States Magistrate Judge. The Settlement Agreement and Release (Settlement Agreement) states:

> 3.   <u>Release of PayLess by the Plaintiffs</u>
> In exchange for the payment of the amount set forth in paragraph 7 below, and in consideration of the mutual promises and covenants contained in this Settlement Agreement, the Named Plaintiffs on behalf of themselves and the Individual Plaintiffs, upon the signing by each Individual Plaintiff of the release required by paragraph 9(b) of this document, hereby release and discharge PayLess, Thrifty Payless, Inc., their parents, agents and assigns from all actions, claims, or demands for damages, liabilities, costs, or expenses, which the Plaintiffs, individually or collectively, have against PayLess on account of, or in any way arising out the claims that were asserted or that could have been asserted in the Lawsuit by the Plaintiffs, which Lawsuit is hereby acknowledged as not fully plead, further including, but not limited to, claims for personal injuries, intentional infliction of emotional distress, negligent infliction of emotional distress, and from all known claims, whether based on tort, statute or contract, which are based in whole or in part, or arise out of, or in any way relate to: (1) the Lawsuit; and (2) anything done or allegedly done by PayLess arising out of, or in conjunction with or relating to, the employment of any and/or all Plaintiffs prior to November 1, 1992 by PayLess.

> *    *    *    *    *    *    *

8.   <u>Liability Denied and Basis for Settlement</u>
PayLess denies any liability on its part and enters into this agreement solely to avoid litigation and to buy its peace.  <u>All Settlement Proceeds are paid to Plaintiffs on account of personal injuries</u>. * * * None of the provisions of this Settlement Agreement and nothing contained in this Settlement Agreement shall be construed as an admission of any liability whatsoever by any party hereto to any other party hereto. [Emphasis added.]

A total of $5 million was paid by PayLess to the class in consideration of the Settlement Agreement.  Specifically, petitioner received $20,033.58 from Holland & Hart as her "Net Cash Recovery" from the settlement.  Petitioner's portion of attorney's fees and costs, approximately $10,565, was retained by Holland & Hart.

Petitioners timely filed their joint Federal income tax return for the taxable year 1995.  They did not report any portion of the settlement proceeds on their return, nor did they claim a corresponding deduction for attorney's fees or costs.

In the notice of deficiency, respondent determined that petitioners failed to include in gross income the settlement proceeds of $30,599, of which $9,895 is wages subject to employment tax, and that petitioner is allowed a Schedule A deduction for attorney's fees, which was not claimed on the original return.

Petitioners contend that the settlement proceeds were paid to petitioner to settle claims for personal injury and intentional infliction of emotional distress; therefore, the

settlement award of $30,599 is excludable from income under section 104(a)(2).

Section 61 broadly defines gross income to include all income from whatever source derived, except as otherwise provided. Statutory exclusions from income are narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995).

Section 104(a)(2) provides that gross income does not include "the amount of any damages received (whether by suit or by agreement * * * ) on account of personal injuries or sickness". Section 1.104-1(c), Income Tax Regs., provides that the term "damages received" "means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of prosecution." Petitioner's settlement proceeds may be excluded from gross income only if she shows: (1) The underlying cause of action giving rise to the recovery is based upon tort or tort type rights and (2) the damages were received on account of personal injuries or sickness. Commissioner v. Schleier, supra at 337.

The first part of the test "examines the legal basis of the claim for tort-like characteristics, focusing on the scope of remedies available under the statutory scheme." Dotson v. United States, 87 F.3d 682, 685 (5th Cir. 1996); see also Brennan v. Commissioner, T.C. Memo. 1997-317. The second requirement "tests

whether the damages received were due to a personal injury rather than mere economic loss." Dotson v. United States, supra at 685; see also O'Gilvie v. United States, 519 U.S. 79, 83-84 (1996). "Personal injury" includes physical injuries and nonphysical injuries "such as those affecting emotions, reputation, or character." United States v. Burke, 504 U.S. 229, 235 n.6 (1992).

Whether damages received pursuant to a settlement agreement are excludable under section 104(a)(2) depends on the nature of the underlying claim that was the basis for settlement. Id. at 237. Determination of the nature of the claim is factual. Bagley v. Commissioner, 105 T.C. 396 (1995), affd. 121 F.3d 393 (8th Cir. 1997). We first examine the written terms of the settlement agreement to determine the allocation of settlement proceeds. See Jacobs v. Commissioner, T.C. Memo. 2000-59. "The most important fact in determining the purpose of [a settlement] payment is 'express language in the agreement stating that the payment was (or was not) made on account of personal injury.'" Byrne v. Commissioner, 90 T.C. 1000, 1007 (1988) (quoting Metzger v. Commissioner, 88 T.C. 834, 847 (1987), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988)), revd. 883 F.2d 211 (3d Cir. 1989); see also Beckey v. Commissioner, T.C. Memo. 1994-514. However, an express allocation may be disregarded if the facts and circumstances surrounding the payment indicate the payment

was intended by the parties to be for a different purpose.  See Bagley v. Commissioner, supra at 406; Robinson v. Commissioner, 102 T.C. 116, 127 (1994), affd. in part, revd. in part, and remanded on other grounds 70 F.3d 34 (5th Cir. 1995).

Petitioners rely on section 8 of the Settlement Agreement that "All Settlement Proceeds are paid to Plaintiffs on account of personal injuries."  However, the record clearly shows that the complaint in the class action was exclusively for the recovery of "overtime compensation, liquidated damages, attorney's fees and costs" under the FLSA.  In Jacobs v. Commissioner, supra, this Court held that recoveries for claims based on the FLSA are not excludable from gross income because FLSA does not provide for personal injury compensation.  The FLSA was enacted to establish minimum wages and maximum hours for employees.  See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945).  The only relief available under the FLSA for excessive hours worked is the payment of back wages and payment of liquidated damages.  See FLSA 29 U.S.C. sec. 216(b) (1994).  Liquidated damages are intended to compensate the employee for damages "too obscure or difficult to estimate caused by the delay of late payment."  Jacobs v. Commissioner, supra; see also Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583-584 (1942).  Also, we note petitioner's own testimony during trial

that the damages awarded were actually based on length of employment and number of hours worked by petitioner.

Damages for petitioner's personal injuries, however real and distressful for petitioners, were not claimed in the class action lawsuit against PayLess, nor was the Settlement Agreement intended to provide relief for such injuries. The class action notice informed petitioners that they were not required to join the class action. The notice clearly stated that "if you choose not to join this suit, you are free to file your own lawsuit with an attorney of your choosing."

In order for petitioners to prevail under section 104(a)(2), both components of the test, as stated above, must be satisfied. Petitioners failed to show that the settlement award was paid as compensation for personal injury or sickness. Therefore, the entire settlement award is includable in gross income, and petitioners are entitled to a corresponding deduction for attorney's fees and costs under section 67(a), subject to limitations.

We have considered all arguments by the parties, and, to the extent not discussed above, conclude that they are irrelevant or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.